**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dan Frazier,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Patricia J. Boomsma, in her official capacity as the City Attorney of the City of Flagstaff, Arizona; Terence Hance, in his official capacity as the Coconino County Attorney, Arizona; Terry Goddard, in his official capacity as the Attorney General of the State of Arizona; John and Jane Does, 1-50, individually and in their official capacity as city or county attorneys in Arizona; John and Jane Does 51-3551, citizens provided a private right of action against Plaintiff in Senate Bill 1014,<br><br>　　　　Defendants. | No. 07-CV-8040-PHX-NVW<br><br>**ORDER** |

　　　　Pending before the court are Defendant Patricia J. Boomsma's ("Boomsma") original and amended motions for summary judgment. (Doc. ## 76, 89.)

**I. Procedural History**

　　　　Plaintiff Dan Frazier ("Frazier") brought this action on June 28, 2007, for injunction against prosecution and a declaration that A.R.S. § 13-3726 is unconstitutional on its face and as applied to his conduct. City Attorney Boomsma admitted in her answer "that the Bill prohibits Plaintiff's selling of T-shirts containing the names of soldiers

killed in the Iraq war without authorization . . . , that by selling T-shirts containing the names of soldiers killed in the Iraq war without authorization, Plaintiff subjects himself to civil and criminal liability . . . , [and] that in her official capacity, [City Attorney Boomsma] could criminally prosecute Plaintiff under the applicable statutes." (Doc. # 22 ¶¶ 26–28.) The court preliminarily enjoined Defendants from enforcing the law against Frazier on September 27, 2007. (Doc. # 40.)

The court then set the following deadlines in its case management order: initial disclosures (January 11, 2008); motions to amend pleadings or join parties (February 3, 2008); close of discovery and pretrial disclosures (April 25, 2008); dispositive motions (Plaintiff: May 16, 2008; Defendants: as cross-motion, or otherwise by June 6, 2008). (Doc. ## 61, 67.)

Boomsma submitted her original motion for summary judgment on June 6, 2008. (Doc. # 76.) Her unsigned affidavit said, "I instructed City of Flagstaff police officers to prepare a report regarding Plaintiff's conduct in connection with his t-shirt business," and, "Based on information I obtained . . . I had a reasonable belief that Plaintiff was committing a violation of A.R.S. § 13-3726." (Doc. # 77, Ex. A ¶¶ 4–5.) Counsel noted, "Upon signature of the affidavit by Ms. Boomsma, counsel will submit a Notice of Filing Affidavit." (Doc. # 77 ¶ 2.) On June 19, 2008, Frazier submitted a stipulation to extend his time to respond to Boomsma's motion for summary judgment because "Defendant will be filing an amended statement of facts to the Motion for Summary Judgment." (Doc. # 80.)

On July 9, 2008, Boomsma submitted an Amended Motion for Summary Judgment and an accompanying Amended Statement of Facts. (Doc. ## 89, 90.) The new statement of facts was supported by the affidavits of City Attorney Boomsma and of an attorney in her office, Lisa M. Stankovich. According to the new affidavits, the police department contacted Ms. Stankovich with a charging request form. Boomsma states that she allowed Ms. Stankovich "to exercise her best prosecutorial discretion in determining whether to prosecute the plaintiff," that "[a]t no time did I ever instruct the Flagstaff

1  Police Department to contact, direct or otherwise, Mr. Dan Frazier," and that it was not
2  until after the lawsuit was filed that "I learned that my office had declined to prosecute
3  Mr. Dan Frazier under A.R.S. § 13-3726."  (Doc. # 90, Ex. B ¶¶ 4–5, 7–8.)  Ms.
4  Stankovich testifies that she never instructed the Flagstaff Police Department "to contact,
5  direct or otherwise, Mr. Dan Frazier" and that she declined the police department's
6  request to prosecute Frazier because she determined that "the statute did not apply to the
7  alleged facts as outlined in the police report."  (Doc. # 90, Ex. A ¶¶ 8, 10, 12.)
8       The court ordered the parties to submit simultaneous briefs addressing whether the
9  amended motion for summary judgment and its accompanying statement of amended
10 facts should be denied as untimely, beyond the scope of disclosures, or contradictory of
11 Boomsma's prior testimony and pleadings. (Doc. # 91.)

**II.  The Tardy Motion for Summary Judgment Will Be Allowed**

13      Counsel for Boomsma explains that an associate in the law firm incorrectly
14 calendared the deadline for Defendants' dispositive motions as June 6, 2008, when in fact
15 she was permitted to file a cross-motion for summary judgment along with her response
16 to Frazier's motion.  The associate also waited until the last minute to draft Boomsma's
17 affidavit, and because Boomsma was unavailable to review the draft until June 9, 2008,
18 the original affidavit was filed unsigned.  After Boomsma reviewed the draft affidavit,
19 she informed her counsel of its error.  Her counsel later filed the amended motion for
20 summary judgment and accompanying affidavits.  In the circumstances, the tardy
21 amended motion for summary judgment will be allowed.

**III.   Boomsma's Motion for Summary Judgment Will Be Denied**

23      Boomsma's arguments on summary judgment are plainly incorrect.  Further
24 briefing is unnecessary to resolve her issues, so the court will rule on the motion now to
25 end the delay of this case.

### A. Boomsma Is Bound by Her Answer and Admission

Boomsma admitted in her answer that she believed A.R.S. § 13-3726 prohibits Frazier's conduct and that she could prosecute him under the statute. Unless amended, that admission is "binding on the parties and the Court" and has "the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988). She now attempts to recant her admission, saying that she did not believe the statute prohibited Frazier's conduct and that she could not prosecute him. But her admission "cannot be 'ignored by the district court simply because it finds the evidence presented by the party against whom the admission operates more credible.'" *Tillamook Country Smoker v. Tillamook County Creamery Ass'n*, 465 F.3d 1102, 1112 (9th Cir. 2006). If she wished to change her position, she had to amend her answer to withdraw the admission. She never submitted a motion to amend her answer. Instead, she "amended" her motion for summary judgment to assert new facts that contradict her answer. The evidence in the new affidavits is not properly before the court for that reason alone.

Even if she did move to amend her answer, an amendment would not be justified at this late stage of the proceedings. The calendaring error and Boomsma's unavailability explain why the amended motion was filed a few weeks late, but they do not explain her and her counsel's failure to investigate her case for the past year. Counsel avow that though they have participated in these proceedings since August of 2007, they only discovered on June 9, 2008, that City Attorney Boomsma and her staff had nothing to do with the threats of prosecution against Frazier. But Boomsma has known her own state of mind since before she filed her answer and admitted that she believed that Frazier's conduct was proscribed by the statute and that she could prosecute him. As counsel frankly admits, "there is no excuse why it was not known sooner" that Boomsma believes the law does not apply to Frazier. (Doc. # 92 at 5.) Boomsma's power and threat to prosecute Frazier was posed as an issue in Frazier's complaint and withdrawn as an issue by her answer. Her wholly unjustified delay in reversing her position would defeat a

- 4 -

motion to amend her answer, if a motion had been filed. *See AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2005) (upholding district court's denial of an untimely motion to amend because the facts to be asserted were not newly discovered); *Komie v. Buehler Corp.*, 449 F.2d 644, 648 (9th Cir. 1971) (same). Her delay would weigh similarly against abandoning the schedule set out in the case management order. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (explaining that the good cause standard of Fed. R. Civ. P. 16(b) "primarily considers the diligence of the party seeking the amendment").

Allowing Boomsma to withdraw her admission would also prejudice Frazier. Discovery closed and final pretrial disclosures were due months ago. Frazier filed his own motion for summary judgment, which is fully briefed. None of this new information was included in initial, supplemental, or final pretrial disclosures. Throughout the discovery period Frazier was entitled to rely on Boomsma's answer, and there was no reason to take discovery on an admitted issue. If she is now allowed to change her position, discovery must be reopened, resources must be expended to explore the new allegations, and the case management schedule must be abandoned after it has mostly run its course. This undue prejudice would weigh against allowing Boomsma to withdraw her admission at this time. *See AmerisourceBergen Corp.*, 465 F.3d at 953 (upholding district court's denial of motion to amend because allowing the movant to retract its own previous admissions mid-stream without any explanation would be unduly prejudicial); *Komie*, 449 F.2d at 648 (same).

Accordingly, Boomsma is bound by her admission that she believed that Frazier was violating A.R.S. § 13-3726 and that she could prosecute him for that offense. This precludes Boomsma's argument that she is not a proper party to this action because neither she nor anyone in her office took any action to enforce the statute against Frazier. Her argument fails because police officers in her jurisdiction "communicated a specific warning or threat to initiate prosecutions" and she admitted that she believes that Frazier is violating the statute and that she can prosecute him. *Thomas v. Anchorage Equal*

1  *Rights Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 2000) (en banc).  She is therefore a proper
2  party to this action.

3  **B.      All the Other Prosecutors in Arizona Are Not Indispensable Parties**

4  Boomsma's argument that this action must be dismissed for failure to include as
5  defendants every City, Town, and County Attorney in the State of Arizona is
6  unmeritorious.  She cites no case that so holds.  Frazier was free to sue prosecuting
7  attorneys who presented a "credible threat of prosecution."  *Babbitt v. United Farm*
8  *Workers Nat'l Union*, 442 U.S. 289, 298 (1979).   He did not have to seek relief against
9  every prosecutor who might pose a threat in order to get relief against those who do.
10 Other prosecutors do not have "an interest relating to the subject matter" of the statute
11 that could be impaired by an adjudication in their absence.  Fed. R. Civ. P. 19(a)(1)(B).
12 Prosecutors are servants of the law, not its owners.  They have no personal stake in
13 whether a statute they enforce is upheld or struck down.  The argument that Frazier's
14 request for a permanent injunction is underinclusive fails for the same reason.

15 Boomsma also argues that Frazier's request for a permanent injunction is
16 premature because it has not yet been adjudicated that the statute is unconstitutional.  The
17 very point of Frazier's motion for summary judgment is to get that adjudication.  It cannot
18 be premature for Frazier to move for summary judgment on the last day permitted by the
19 case management order.

20 It is premature, however, for Boomsma to argue that she is not subject to award of
21 attorney's fees.  Frazier has not yet won his case or moved for attorney's fees.  The court
22 can consider such arguments if and when the need arises.

23 IT IS THEREFORE ORDERED that Defendant Patricia J. Boomsma's motions for
24 summary judgment (doc. ## 76, 89) are denied.

25 DATED this 4th day of August, 2008.

_____
Neil V. Wake
United States District Judge

- 6 -