**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dan Frazier, | No. 07-CV-8040-PHX-NVW |
| Plaintiff, | **ORDER** |
| vs. | |
| Patricia J. Boomsma, in her official capacity as the City Attorney of the City of Flagstaff, Arizona; Terence Hance, in his official capacity as the Coconino County Attorney, Arizona; Terry Goddard, in his official capacity as the Attorney General of the State of Arizona; John and Jane Does, 1-50, individually and in their official capacity as city or county attorneys in Arizona; John and Jane Does 51-3551, citizens provided a private right of action against Plaintiff in Senate Bill 1014, | |
| Defendants. | |

Plaintiff Dan Frazier ("Frazier") brought this action for injunction against prosecution and a declaration that A.R.S. § 13-3726 is unconstitutional on its face and as applied to his conduct. The court preliminarily enjoined Defendants from enforcing the law against Frazier on September 27, 2007. Frazier and the State have now submitted cross-motions for summary judgment. (Doc. ## 73, 84.)

**I. Background**

The court quoted the statute and made findings of fact in its previous order granting Frazier's motion for preliminary injunction. (Doc. # 40.) Frazier and the State agree on the continuing accuracy of those findings (doc. # 85 at 2–8), so they are incorporated into this order in their entirety along with the following summary and additions.

Frazier is a peace activist and resident of Flagstaff, Arizona, who owns and operates CarryaBigSticker.com, a website devoted in part to selling T-shirts, buttons, magnets, and bumper stickers expressing views on a variety of political topics. Frazier uses CarryaBigSticker.com as a vehicle to advance his political views in a variety of ways unrelated to the sale of merchandise. Among the items for sale on CarryaBigSticker.com is a T-shirt that contains the words "Bush Lied" and "They Died" superimposed over the names of 3,461 soldiers that died in Iraq. Two other versions of the shirt with different anti-war messages are also available on the website. On one portion of his website, Frazier explains that "[t]he names of the troops are used to underscore the scale of the human tragedy caused by the president's lies." (Doc. # 86, Tab 3 at 15.) Under the heading "What do you mean, Bush Lied?," Frazier states that the T-shirts are "a scathing indictment of George W. Bush . . . for lying about the weapons of mass destruction in Iraq" and are "a memorial to the brave young soldiers who gave their lives in Iraq on behalf of their country." (*Id.* at 9.)

The homepage of Frazier's website advertises the T-shirts as "Anti-War T-Shirts featuring the names of 3,461 troops who died in Iraq." To the left of this text is an alternating image that displays the front of the shirt, the back of the shirt, and a close-up of soldiers' names that appear on the shirt. The names of several deceased soldiers are legible in the close-up display. When asked why he included the close-up of the names, Frazier testified:

> I felt it was important for my customers to get a sense of the product they were buying. And the shirt . . . doesn't look very good when the names are not at all legible. The names just look like a large bock of greyish text . . . . Some legibility of the names is important to represent the shirts and get across what exactly the product is that is offered up for sale to the customer.

(Doc. # 86, Tab 1 at 43–44.)  Another portion of his website enables members of the public to buy his T-shirts.  That page contains the same front, back, and close-up images of the T-shirt, a sizing chart, pricing information, and a link to add the shirt to the shopper's shopping cart.  (Doc. # 86, Tab 3 at 1–3.)

In its order on the preliminary injunction, the court held that Frazier had standing to challenge the State's law and that the controversy was ripe for review.  It further held that Frazier had shown a strong likelihood of success on the merits.  Specifically, the court concluded that his T-shirts are core political speech and his online display and sale of those shirts is fully protected by the First Amendment.  It also concluded that A.R.S. § 13-3726 imposes content-based restrictions on that speech and that enforcement of the law against Frazier would not survive strict scrutiny.  After finding that Frazier had shown sufficient harm to warrant a preliminary injunction, the court granted his motion.

## II. Standard on a Motion for Summary Judgment

Rule 56(c), Fed. R. Civ. P., provides that summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  A "genuine issue" of material fact will be absent if, "viewing the evidence and inferences which may be drawn therefrom in the light most favorable to the adverse party, the movant is clearly entitled to prevail as a matter of law." *Jones v. Halekulani Hotel, Inc.*, 557 F.2d 1308, 1310 (9th Cir. 1977); *see also Baldwin v. Trailer Inns, Inc.*, 266 F.3d 1104, 1111 (9th Cir. 2001).  Summary judgment is appropriate against a party who "fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)

1  (nonmovant's showing of "some metaphysical doubt" as to material facts insufficient);
2  *see also Citadel Holding Corp. v. Roven*, 26 F.3d 960, 964 (9th Cir. 1994). Summary
3  judgment is not appropriate when the nonmoving party identifies or produces evidence
4  from which a reasonable juror, drawing all inferences in favor of the nonmoving party,
5  could return a verdict in the nonmoving party's favor. *United States v. Shumway*, 199
6  F.3d 1093, 1103–04 (9th Cir. 1999).

### III. Analysis

Laws that restrict political speech based on content are subject to strict scrutiny and violate the First Amendment unless they are "necessary to serve a compelling state interest and . . . [are] narrowly drawn to achieve that end." *Foti v. City of Menlo Park*, 146 F.3d 629, 635 (9th Cir. 1998) (quoting *Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 45 (1983)). The State's statute prohibits Frazier from using the name of a deceased soldier "for the purpose of advertising" his T-shirts. A.R.S. § 13-3726(A). The State now concludes that the statute does not criminalize Frazier's use of the soldiers' names on the T-shirts, nor does it criminalize the sale of those shirts. It only prohibits him from displaying the soldiers' names in his advertising. The State therefore contends that the statute only regulates the commercial element of his speech, and so it should be reviewed deferentially. *See Central Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of N.Y.*, 447 U.S. 557, 566 (1980) (affording commercial speech less protection than other constitutionally guaranteed expression).

Distinguishing commercial speech from political speech can be difficult, especially when the speech at issue proposes a commercial transaction and contains discussion of important public issues. Frazier's online display of his T-shirts presents such a challenge. Superimposing "Bush Lied – They Died" over the names of fallen soldiers obviously critiques the initiation and administration of the war in Iraq, among the most debated issues in current American politics. Frazier's website also plainly proposes a commercial transaction—to sell T-shirts. This mixture of speech interests complicates the review of the State's regulation of his advertisement.

- 4 -

1    Where "the component parts of a single speech are inextricably intertwined, we
2 cannot parcel out the speech, applying one test to one phrase and another test to another
3 phrase." *Riley v. Nat'l Fed'n of the Blind*, 487 U.S. 781, 796 (1988) (explaining *Village
4 of Schaumburg v. Citizens for a Better Env't*, 444 U.S. 620, 632 (1980)).  Our circuit
5 applied this test in a situation similar to Frazier's case.  In *Gaudiya Vaishnava Society v.
6 City & County of San Francisco,* 952 F.2d 1059 (9th Cir. 1991), several nonprofit
7 organizations sought to sell message-bearing merchandise on street-side tables without
8 obtaining a permit from the City of San Francisco.  The case presented a question of first
9 impression for the courts of appeals: "whether the sale of merchandise which carries or
10 constitutes a political, religious, philosophical or ideological message falls under the
11 protection of the First Amendment." *Id.* at 1063.  The court applied the analysis from
12 *Riley*, concluding that because the commercial and protected aspects of the speech were
13 "inextricably intertwined, the entirety must be classified as noncommercial and we must
14 apply the test for fully protected speech." *Id.* at 1064 (citing *Riley*, 487 U.S. at 796, 108
15 S. Ct. at 2677, and *Shaumburg*, 444 U.S. at 63[2]).

16    The State heavily relies on *Bolger v. Youngs Drug Products Corp.*, 463 U.S. 60
17 (1983).  There the Supreme Court observed that if the speech at issue is an advertisement
18 for a specific product and the speaker has an economic motive for engaging in the speech,
19 there is "strong support for . . . the conclusion that [the speech is] properly characterized
20 as commercial speech." *Id.* at 67.  The State would like to turn that observation into a
21 mechanical "three-prong test" for identifying commercial speech.  But the Court itself
22 noted that even when such strong support for the commercial character of the speech
23 exists, "a different conclusion may be appropriate in a case where the [speech] advertises
24 an activity itself protected by the First Amendment." *Id.* at 67 n.14 (citing *Murdock v.
25 Pennsylvania*, 319 U.S. 105 (1943),[1] and *Jamison v. Texas*, 318 U.S. 413 (1943)).

26

27    [1] The Supreme Court did not subsequently disavow this aspect of *Murdock* in *Texas
28 Monthly, Inc. v. Bullock*, 489 U.S. 1 (1989) or *Jimmy Swaggart Ministries v. Board of*

- 5 -

Where the activity itself is fully protected by the First Amendment, the commercial element of the speech becomes "'inextricably intertwined with otherwise fully protected speech,' and [] the level of First Amendment scrutiny must depend upon 'the nature of the speech taken as a whole.'" *Bd. of Trs. v. Fox*, 492 U.S. 469, 474 (1989) (quoting *Riley*, 487 U.S. at 796). The speech at issue in *Bolger* was not fully protected because its commercial and protected elements were separable from one another. A contraceptive manufacturer wished to send out advertisements "discussing the desirability and availability of prophylactics in general or [the company's] products in particular." 463 U.S. at 62. The contraceptive products were not a means of political expression for the manufacturer or its customers. It was simply using its advertising to "link[] a product to a current public debate" in an effort to increase sales. *Id.* at 68 (quoting *Central Hudson*, 447 U.S. at 563 n.5); *see also Fox*, 492 U.S. at 474 (holding that "nothing in the nature of things requires" a Tupperware salesperson to combine a discussion of home economics with a sales pitch).

In contrast, Frazier's T-shirts are themselves core political speech fully protected by the First Amendment, notwithstanding the fact that he offers them for sale. *See Gaudiya Vaishnava Soc'y*, 952 F.2d at 1063 (citing *City of Lakewood v. Plain Dealer Pub. Co.*, 486 U.S. 750, 756 n.5 (1988)) ("[A]n expressive item does not lose its constitutional protections because it is sold rather than given away."); *ETW Corp. v. Jireh Publ'g, Inc.*, 332 F.3d 915, 924 (6th Cir. 2003) (collecting cases) ("Speech is protected

---

*Equalization*, 493 U.S. 378 (1990). Those cases addressed whether states may tax the sale of religious merchandise. In neither case did any party argue that the sale of religious merchandise deserves lesser First Amendment protection because it is commercial in character. The Court nevertheless reaffirmed that "*Murdock* . . . establish[es] that appellant's form of religious exercise [the sale of religious merchandise] has 'as high a claim to constitutional protection as the more orthodox types[.]'" *Jimmy Swaggart*, 493 U.S. at 387. It held that despite full protection under the Free Exercise Clause, the state may tax the sale of religious publications. *Id.* at 389–90; *Texas Monthly*, 489 U.S. at 24 (disavowing any dicta from *Murdock* that "suggest that the States and the Federal Government may never tax the sale of religious or other publications").

- 6 -

even though it is carried in a form that is sold for profit.").[2]  His website is like a street-side table used to disseminate anti-war and political messages in a variety of ways, including displaying and selling his message-bearing T-shirts.  The State has criminalized part of his display because the shirts are offered for sale.  But if the shirts "would otherwise be constitutionally protected from the present judgment, they do not forfeit that protection because they were published in the form of a[n] . . . advertisement."  *New York Times Co. v. Sullivan*, 376 U.S. 254, 266 (1964).

The website displays images of one of his shirts showing the words "Bush Lied" on the front, "They Died" on the back, and a close-up of the names of the deceased soldiers.  It is impossible to separate the political from the commercial aspects of that display.  For example, the State argues that Frazier can sell his shirts without displaying the soldiers' names.  But Frazier's product is his message, and his customers' message.  Just as the State cannot "punish[] public utterance of [an] unseemly expletive in order to maintain what they regard as a suitable level of discourse within the body politic," it also cannot criminalize Frazier's decision to honestly display his T-shirts to his customers without passing strict scrutiny.  *Cohen v. California*, 403 U.S. 15, 23 (1971).

The State has not reargued that A.R.S. § 13-3726's restrictions are content-neutral, or that their application to Frazier can withstand strict scrutiny.  The court therefore adopts its previous holdings on those issues.  The statute's restrictions are content-based and, as applied to Frazier's conduct, are not narrowly tailored to achieve a compelling government purpose.  The State will be permanently enjoined from enforcing A.R.S. § 13-3726 against Frazier for the reasons given in the court's preliminary injunction order.  Because the court concludes that A.R.S. § 13-3726 is unconstitutional as applied to Frazier, it need not consider whether the statute is unconstitutional on its face.

---

[2] The State has not reargued that Frazier's T-shirts themselves are commercial speech. The court therefore adopts its previous holding that Frazier's T-shirts are core political speech.

1    IT IS THEREFORE ORDERED that Plaintiff Dan Frazier's Motion for Summary
2 Judgment (doc. # 73) is granted and Defendant Terry Goddard's Motion for Summary
3 Judgment (doc. # 84) is denied. Upon the entry of the separate permanent injunction this
4 day, the clerk shall terminate this action.

5    DATED this 19th day of August, 2008.

Neil V. Wake
United States District Judge